Richard Allen **PITRE**, Appellant,

v.

**STATE of Texas, Appellee.**

No. 11–00–00056–CR.

Court of Appeals of Texas,
Eastland.

March 15, 2001.

Michae A. McEnrue, Mosier & McEnrue, Houston, for appellant.

Charles Rosenthal, Jr., Dist. Atty., Houston, for appellee.

Panel consists of ARNOT, C.J., and WRIGHT, J., and McCALL, J.

### Opinion

McCALL, Justice.

Appellant pleaded not guilty to two counts of aggravated sexual assault.[1] The jury found appellant guilty of the lesser included offense of sexual assault.[2] The jury assessed his punishment at confinement for 20 years and a $10,000 fine.[3] Appellant argues that the trial court erred in failing to restrict the definition of "intentionally" in the jury charge to focus on the results of his conduct. Appellant also argues that .the trial court erred in failing to submit some forms of misdemeanor assault as lesser included offenses. We affirm.

### Background Facts

Appellant does not dispute the sufficiency of the evidence. The record shows that on the evening of April 16, 1999, appellant returned home from work to the apartment he shared with the victim. The two had a two-year-old daughter together. Appellant and the victim argued about his going by his old apartment before coming home; the victim had called appellant at his old apartment and heard a female voice in the background. During their argument, appellant grabbed the victim by her neck and beat her head against the floor. Following the physical assault, appellant apologized and hugged the victim. The victim began to feel nauseous and went to the bathroom.

Appellant followed the victim into the bathroom and closed the door. The victim tried to vomit into the toilet but could not. Appellant began to kiss and to fondle the victim and eventually undressed both her

---

1. TEX. PENAL CODE ANN. § 22.021(a)(1)(A)(i) (Vernon Supp.2001) defines the offense. The aggravating element with which appellant was charged was that he placed the victim in fear that serious bodily injury would be imminently inflicted on her. See TEX. PENAL CODE ANN. § 22.021(a)(2)(A)(ii) (Vernon Supp.2001).

2. TEX. PENAL CODE ANN. § 22.011(a)(1)(A) (Vernon Supp.2001) defines the offense. It is a second degree felony. TEX. PENAL CODE ANN. § 22.011(f) (Vernon Supp.2001).

3. Second degree felonies are punishable by confinement for a term of 2 to 20 years, plus an optional fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.33 (Vernon Supp. 2001).

and himself. He took her into the bedroom and forced her to have vaginal intercourse. During this time, the victim began to feel nauseous again. She vomited on the floor before she could get into the bathroom. She continued to vomit into the toilet. Appellant got her a glass of water. While she was still kneeling in front of the toilet, appellant straddled the toilet and demanded that she perform oral sex on him. He then forced her to have vaginal intercourse with him while he sat on the toilet. She became nauseous and vomited again, this time into the glass in which appellant had brought her water. He told her that he liked how her muscles contracted when she vomited. Appellant then leaned the victim back over the counter and penetrated her vagina. Finally, appellant turned the victim over on the counter and penetrated her anus, despite her protests.

The victim eventually persuaded appellant to leave the apartment to get her a Sprite and a muffin from a nearby convenience store. She told him that the food and drink would help to settle her stomach. While appellant was gone, the victim called 9–1–1. When she saw the police pulling into the apartment parking lot, the victim grabbed her daughter, wrapped herself in a quilt, and ran to them. At trial, the State introduced appellant's sworn statement in which he admitted having both vaginal and anal intercourse with the victim and also admitted that she vomited periodically during those acts. In the statement, however, appellant claimed that the penetration was consensual. Appellant's defensive theory was that the sex occurred with the victim's consent and that it was the couple's way of making amends after an argument. He contended that the victim only called the police and claimed assault after an unidentified woman called

him on his cellular phone after he and the victim had sex.

### Limitation of Mens Rea Definition

In his first issue, appellant argues that the trial court erred in overruling his request to limit the definition of "intentionally" in the jury charge to focus only on the results of his conduct. The trial court submitted the following definition of "intentionally" to the jury:

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

This definition corresponded to the full statutory definition set forth in TEX. PENAL CODE ANN. § 6.03(a) (Vernon 1994). TEX. PENAL CODE ANN. § 6.03 (Vernon 1994) allows each element of an offense to be placed into one of three categories: (1) the nature of the conduct; (2) the result of the conduct; or (3) the circumstances surrounding the conduct. *McQueen v. State*, 781 S.W.2d 600, 603 (Tex.Cr.App.1989); *Alvarado v. State*, 704 S.W.2d 36, 38 (Tex.Cr.App.1985). It is error for a trial court to fail to limit the definition of the required mens rea in the jury charge to reference only the type of element involved in the offense. *Hughes v. State*, 897 S.W.2d 285, 295 (Tex.Cr.App. 1994), *cert. den'd*, 514 U.S. 1112, 115 S.Ct. 1967, 131 L.Ed.2d 857 (1995). Appellant objected at trial to the definition of "intentionally" referring to the nature of his conduct, and he makes the same argument on appeal.

Appellant cites *Saldivar v. State*, 783 S.W.2d 265 (Tex.App.—Corpus Christi 1989, no pet'n), to support his contention that sexual assault is a result-oriented of-

fense.[4] In *Saldivar*, as here, the trial court's charge gave the full definitions of "intentionally" and "knowingly" as contained in Section 6.03. The defendant objected to the definitions on the grounds that aggravated sexual assault dealt with the nature of the conduct and not the result of the conduct. The indictment in *Saldivar* was for the aggravated sexual assault of a child under 14 years of age.[5] The court pointed out that the statutory elements of TEX. PENAL CODE ANN. § 22.021 (Vernon Supp.2001) concerning aggravated sexual assault of a child do not require that the offender know that the victim is under the age of 14 and that the age of the victim is not relevant to the culpable mental state of the offender. The court then concluded that the offense of aggravated sexual assault of a child is result-oriented only. Because the defendant objected only to the inclusion of the "result of conduct" portion of the definition, the *Saldivar* court held that the trial court did not err in overruling that objection. *Saldivar v. State, supra* at 267. The court also noted, however, that sexual assault can be both result-oriented and conduct-oriented depending on whether the " 'specified result'... occurs in conjunction with either other 'specified results,' 'specific conduct,' or a circumstance of the victim." *Saldivar v. State, supra*; see *Cook v. State*, 884 S.W.2d 485, 493 n. 5 (Tex.Cr.App.1994)(Maloney, J., concurring).

The case of *Murray v. State*, 804 S.W.2d 279 (Tex.App.—Fort Worth 1991, pet'n ref'd), involved a conviction for the offense of aggravated sexual assault under Section 22.021. The State had to prove that the

defendant penetrated the victim "without [her] consent" and that he used or exhibited a deadly weapon that "was capable of causing death or serious bodily injury in the course of the same criminal episode." On appeal, the defendant contended that the trial court should have limited the definition of the term "intentionally" to the results of his conduct as opposed to the nature of his conduct. The *Murray* court, citing *Saldivar*, relied on the fact that the Court of Criminal Appeals has not "clearly categorized" aggravated sexual assault as a result-oriented or a conduct-oriented offense and held that, absent such a categorization by the higher court, the trial court did not err in submitting the full statutory definition of "intentionally." *Murray v. State, supra* at 281.

Categorization problems are inherent in offenses such as aggravated sexual assault and sexual assault that contain more than one "conduct element." Understanding "conduct elements" makes sense only in the context of an "element analysis" rather than an "offense analysis." A single offense definition may require a different culpable state of mind for each objective element of the offense. See *Cook v. State, supra* at 492. Thus, we will examine the elements of sexual assault as appellant was charged by the indictment to determine whether the trial court erred in referring to the nature of his conduct in its definition of "intentionally." The Court of Criminal Appeals has used this approach in analyzing other offenses. See *Hughes v. State, supra; Cook v. State, supra; Alvarado v. State, supra.*

 A person commits the offense of sexual assault when he "*intentionally* or

4. Because appellant was found guilty of sexual assault rather than aggravated sexual assault and because the offense with which he was charged is composed of the same elements as sexual assault except for the aggra-

vating factor, we will discuss the "sexual assault."

5. See TEX. PENAL CODE ANN. § 22.021(a)(1)(B) (Vernon Supp.2001).

knowingly ... causes the penetration of the anus or female sexual organ of another person by any means, without that person's consent." (Emphasis added) Section 22.011(a)(1)(A); see Section 22.021(a)(1)(A)(i). The crime consists of a "result" element (causing penetration of the victim's vagina or anus) as well as a "circumstances surrounding conduct" element (without the victim's consent). See *Cook v. State, supra; Saldivar v. State, supra.* And the term "by any means" refers to the nature of the defendant's conduct. The first count of the indictment in this case reads as follows, omitting the element for aggravated sexual assault and placing numbers by the elements to be proved by the State for clarification:

> [T]hat in Harris County, Texas, [appellant] heretofore on or about APRIL 16, 1999, did then and there unlawfully, intentionally and knowingly (1) cause the penetration of the female sexual organ of [the victim], (2) by placing his sexual organ in the female sexual organ of [the victim], (3) without the consent of [the victim], namely, [appellant] compelled [the victim] to submit or participate by the use of physical force or violence.

The second count was the same except for the penetration being of the anus of the victim rather than the female sexual organ.

The Court of Criminal Appeals has recognized that a single offense can contain any one or more of the conduct elements "which alone or in combination form the overall behavior which the Legislature has intended to criminalize." *McQueen v. State, supra* at 603. The indictment and the application paragraphs in this case involved both result of conduct and nature of conduct elements. To "cause the penetration of the female sexual organ" involves a result of conduct. *Saldivar v. State, supra* at 267. "Placing his sexual organ in the female sexual organ of [the victim]" involves a type or nature of conduct by him.[6] The court in *McQueen v. State, supra,* pointed out that the offense of unauthorized use of a motor vehicle encompasses two "conduct elements": that the defendant (1) intentionally or knowingly operated a vehicle (nature of conduct), (2) knowing that such operation was without the effective consent of the owner (circumstances surrounding the conduct). Knowingly or intentionally operating a vehicle is not criminalized. The same can be said of the first two elements here. It is when they are combined with the element of "without the consent of the victim" that the overall conduct has been declared criminal by the legislature. The first two elements become "culpable mental states" as defined by Section 6.03 because of their combination with the third element of "without the consent of the victim." The trial court did not err in giving the full definition of "intentionally" or "with intent" in its charge to the jury.

■ Even if the trial court erred, ap-

---

**6.** See *Alvarado v. State, supra* at 39, where the court observed in dicta:

> By specifying the "nature of the conduct" prohibited (having sexual intercourse), the Legislature indicated rape is a "nature of conduct" crime and the required culpability must go to that element of conduct.

This is the language relied on by the defendant in *Saldivar.* Although the court defined the entire offense as then contained in former TEX. PENAL CODE § 21.03 (repealed 1983) as being "nature of conduct," the court could have broadened the definition by stating that it was a nature of conduct offense which also includes circumstances surrounding conduct elements. See *Patrick v. State,* 906 S.W.2d 481, 491 (Tex.Cr.App.1995). The element of "having sexual intercourse" was "nature of conduct." The legislature criminalized the nature of conduct when combined with the circumstances surrounding the conduct of "the female is not the actor's wife and the female has not consented." See *Alvarado v. State, supra* at 39 n. 6.

pellant would have suffered no harm.[7] Appellant neither objected to the trial court's definition of "knowingly" nor raised an issue on appeal with regard to that definition. Besides applying to "result" elements, "knowingly," as defined in Section 6.03(b), applies to "nature of conduct" as well as "circumstances surrounding ... conduct" elements. The failure to object to the inclusion of "nature of conduct" in the definition of "knowingly" in the charge or to raise that portion of the definition as error on appeal renders any error from the inclusion of "nature of conduct" in the definition of "intentionally" harmless.[8] Furthermore, the application portion of the charge tracked the indictment and the Penal Code. This allowed the jury to apply only the appropriate portions of the definitions to the facts. In assessing harm resulting from the inclusion of improper conduct elements in the definitions of culpable mental states, an appellate court may consider the degree, if any, to which the culpable mental states were limited by the application portions of the jury charge. *Hughes v. State, supra* at 296–97; see *Cook v. State, supra* at 491 n. 6; see also *Turner v. State,* 805 S.W.2d 423 (Tex.Cr. App.1991). No harm resulted from any error that may have occurred. Appellant's first issue on appeal is overruled.

### Submission of Lesser Included Offense

■ Although the trial court also submitted misdemeanor assault in its charge as a lesser included offense, appellant argues in his second issue on appeal that the trial court erred in failing to submit assault to the jury as it is completely defined in TEX. PENAL CODE ANN. § 22.01(a) (Vernon Supp.2001). The trial court sub-

mitted a charge on "recklessly" causing bodily injury under Section 22.01(a)(1) but did not submit "intentionally" or "knowingly" causing bodily injury under that provision. Appellant requested that the trial court submit "offensive or provocative" physical-contact assault under Section 22.01(a)(3). The trial court overruled his request, and appellant contends that that ruling was error. On appeal, appellant also argues that the trial court should have submitted "intentionally" or "knowingly" threatening imminent bodily injury under Section 22.01(a)(2). Because his only request or objection to the trial court concerned the Section 22.01(a)(3) assault, appellant waived his other contentions concerning TEX. PENAL CODE ANN. § 22.01 (Vernon Supp.2001). TEX. R.APP.P. 33.1; *Thomas v. State,* 701 S.W.2d 653, 656 (Tex.Cr.App.1985); *Kelley v. State,* 845 S.W.2d 474, 479 (Tex.App.— Houston [1st Dist.] 1993, pet'n ref'd).

■ A trial court must submit a jury instruction on a lesser included offense if the offense is included within the proof necessary to establish the offense charged and if there is some evidence in the record "that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense." *Arevalo v. State,* 943 S.W.2d 887, 889 (Tex.Cr.App. 1997), quoting *Rousseau v. State,* 855 S.W.2d 666, 672–73 (Tex.Cr.App.), *cert. den'd,* 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993); see TEX. CODE CRIM. PRO. ANN. art. 37.09 (Vernon 1981). In order to raise the lesser included offense, the evidence must affirmatively raise the issue; it is not enough that the jury could simply disbelieve "crucial evidence pertaining to the greater offense."

---

7. The applicable harm analysis is found in *Almanza v. State,* 686 S.W.2d 157, 174–75 (Tex.Cr.App.1985).

8. The application paragraph reads "intentionally *or* knowingly," allowing the jury to find that he intentionally or knowingly engaged in the "conduct elements."

622

*Bignall v. State,* 887 S.W.2d 21, 24 (Tex. Cr.App.1994).

The evidence in the case, as detailed above, is undisputed as to the fact that appellant caused the penetration of the victim's vagina and anus. Appellant defended on the theory that he and the victim had consensual sex. The nurse that assisted in the victim's rape examination noted red marks on her neck. The nurse testified that the victim showed discomfort during the gathering of the vaginal and rectal swabs. The victim testified that the anal penetration was painful. The evidence does not meet the second prong of the *Rousseau* test. There is no evidence in the record that would allow the jury to find that, if appellant was guilty, he was guilty only of the lesser included assault offense of intentionally or knowingly causing physical contact that he knew or should have known that the victim would regard as offensive or provocative.

The indictment charged appellant with two counts of aggravated sexual assault. The lesser included offenses in the court's charge to the jury had to be contained within the elements of the aggravated sexual assault. The only issue at trial was whether the sex was consensual. If it found no consent, then the jury had to find appellant guilty of sexual assault. If the jury found consent, then appellant was not guilty of sexual assault. Either finding would not allow the jury to find that appellant merely caused physical contact that the victim found offensive or provocative. Indeed, a finding of consent would be inconsistent with a finding that the victim found the sexual contact to be provocative or offensive. Appellant's second issue on appeal is overruled.

Appellant's third issue asserts that "the harm caused by the foregoing errors dictates that appellant be retried." His third issue is also overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.