11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Stephen Lloyd Calhoun

Appellant

Vs.                   No.  11-02-00071-CR B Appeal from Howard County

State of Texas

Appellee

 

The jury
convicted appellant of murder and assessed his punishment at 45 years
confinement and a $10,000 fine. 
Appellant brings two issues in which he argues that the trial court
erred in charging the jury and in finding his statement to the police was voluntary.  We affirm. 

The record
shows that on July 15, 2001, Officer J. W. Fryar of the Big Spring Police
Department was called to the scene of an unattended death. Officer Fryar
testified that, when he arrived, appellant was standing at the door and was saying
that Ahis girlfriend was dead.@ 
Officer Fryar said that it appeared that the victim had been dead for
some time because rigor mortis had set in. 
Officer Fryar testified that the victim had a cut above her eye, that it
appeared someone had Aput a
cigarette out@ on the victim=s wrist, that there was a cigarette burn on the victim=s cheek, and that there was fecal matter
around the victim. 

Clifton
Griffin testified that he was at appellant and the victim=s apartment on July 14, 2001, and that they
were all drinking beer and watching television.  Griffin said that appellant and the victim had a half gallon of
vodka and that they began arguing over the vodka.  Griffin stated that the victim was sitting on the floor and that
appellant began hitting her in the face with his fist. Griffin Acouldn=t put up with that no more,@ and he left the apartment around 11:30 p.m.  Griffin returned to the apartment the following  morning. 
The victim was lying on the floor, and appellant was lying in the
bed.  Griffin left to buy beer; and,
when he returned, appellant got out of bed. 
Appellant went to the victim; touched her; and said:  AOh.  She=s cold. 
She=s dead.@   Appellant then told Griffin
that he needed some of the beer and that Ahe was going to get life for it.@ 








Dr. Jerry
Douglas Spencer, Chief Medical Examiner for Lubbock County, testified that he
performed an autopsy on the victim and that she suffered a number of
injuries.  Dr. Spencer said that the
victim had a number of contusions, lacerations on her face, a five-by-five inch
bruise on her back, a fractured rib, and a tear in her spleen.  Dr. Spencer stated that the victim died as a
result of blunt force injuries to the chest and abdomen that resulted in a
large amount of bleeding from the spleen. 


Appellant
testified at trial that he remembered watching television with the victim and
some friends and that they were drinking beer and vodka.  Appellant said that everyone left except for
Griffin.  Appellant testified that he Akind of@ remembered arguing with the victim about the vodka.  Appellant testified that he did not remember
hitting the victim that night, although he had slapped her on previous
occasions and she had also hit him. 
Appellant said that they would often drink, argue, go to sleep, and then
make up.  Appellant further testified
that the victim had fallen at a neighbor=s house and that, on the night of the offense, she said that she had
fallen outside. 

In his
first issue on appeal, appellant complains that the trial court erred in
refusing his requested instruction on the lesser offense of manslaughter.  A trial court must submit a jury instruction
on a lesser included offense if the offense is included within the proof
necessary to establish the offense charged and if there is some evidence in the
record Athat would permit a jury rationally to find
that if the defendant is guilty, he is guilty only of the lesser offense.@  
Arevalo v. State, 943 S.W.2d 887, 889 (Tex.Cr.App.1997)(quoting  Rousseau v. State, 855 S.W.2d 666, 672‑73
(Tex.Cr.App.), cert. den=d,  510 U.S. 919 (1993)); Pitre v. State, 44
S.W.3d 616, 621-22 (Tex.App. ‑ Eastland 2001, pet=n ref=d).  Regardless of its strength
or weakness, if any evidence raises the issue that the defendant was guilty
only of the lesser included offense, then the charge must be given.  See Medina v. State, 7 S.W.3d 633, 638
(Tex.Cr.App.1999), cert. den=d,  529 U.S. 1102 (2000).  In order to raise the lesser included
offense, the evidence must affirmatively raise the issue; it is not enough that
the jury could simply disbelieve Acrucial evidence pertaining to the greater offense.@ 
Bignall v. State, 887 S.W.2d 21, 24 (Tex.Cr.App.1994); Pitre v. State,
supra.  Manslaughter is a lesser
included offense of murder.  Moore v.
State, 969 S.W.2d 4, 9 (Tex.Cr.App.1998). 
Therefore, we must determine whether there was some evidence that
appellant was guilty only of manslaughter.  









A person
commits the offense of manslaughter if he Arecklessly causes the death of an individual.@  TEX.
PENAL CODE ANN. ' 19.04(a) (Vernon 1994).  A person acts recklessly when he Ais aware of but consciously disregards a
substantial and unjustifiable risk that the circumstances exist or the result
will occur.@  TEX.
PENAL CODE ANN. ' 6.03(c) (Vernon 1994).  Appellant testified at trial that he did not
hit the victim.  Appellant said that he
had no recollection of burning the victim or kicking the victim.  When questioned by the State about the
bruises and cuts on the victim=s body, appellant responded:  AI didn=t do it.@ 
Appellant testified that he was intoxicated on the night of the offense
and that the victim had hit him on previous occasions.   However, this testimony does not permit a
jury to find that he was only guilty of manslaughter.  Appellant has not shown that the trial court erred in denying his
request for an instruction on the lesser offense of manslaughter.  Appellant=s first issue on appeal is overruled.

In his
second issue on appeal, appellant complains that the trial court erred in finding
that his statement to the police was voluntary.  Appellant gave a written statement to Officer Jim Rider  in which he admitted hitting the victim with
his fist and kicking her in the stomach. 
Appellant also said in his statement that he burned the victim with his
cigarette.  The trial court held a
hearing on appellant=s
motion to suppress his written statement. 
The trial court denied appellant=s motion to suppress, and the statement was read to the jury during the
trial.  

The
standard of review for the trial court's ruling on a motion to suppress is
abuse of discretion.   Oles v. State,
993 S.W.2d 103, 106 (Tex.Cr.App.1999). 
When reviewing the trial court=s actions in a suppression hearing, we give complete deference to the
trial court=s determination of historical facts.   Guzman v. State, 955 S.W.2d 85, 89
(Tex.Cr.App.1997); Davila v. State, 4 S.W.3d 844 (Tex.App. - Eastland 1999, no
pet=n). 
We also give deference to the trial court=s rulings on mixed questions of law and fact when those rulings turn on
an evaluation of credibility and demeanor. 
Guzman v. State, supra; Davila v. State, supra.  Where such rulings do not turn on an
evaluation of credibility and demeanor, we review the trial court=s actions de novo.  Guzman v. State, supra; Davila v. State, supra.  








Appellant
argues that his statement was involuntary because he was intoxicated at the
time he gave the statement and because he had a reasonable belief that he was
in custody at the time the statement was made. 
Officer Milton Horton testified at the hearing on appellant=s motion to suppress  that he had another officer transport
appellant to the police station so that the police could later conduct an
interview.  Officer Horton stated that,
if appellant had said ANo,@ the officer would not have taken appellant
to the police station.  Pursuant to the
standard procedures of the Big Spring Police Department, appellant was taken to
the police station in handcuffs; however, the handcuffs were removed when
appellant was interviewed.  Officer
Horton said that appellant was advised that he was not under arrest and that
appellant=s Miranda[1]
rights were read to him.  Officer Horton
stated that appellant did not appear to be intoxicated at the time of the
interview.  Officer Horton smelled a
faint odor of alcohol when he initially encountered appellant at 12:45 p.m.,
but he did not detect the odor of alcohol when appellant gave his statement at
approximately 3:00 p.m.  After appellant
gave his statement, the officers returned appellant to his residence. 

Officer
Rider testified that he read the Miranda warnings to appellant
twice.  Officer Rider said that he told
appellant he was not under arrest. 
Officer Rider would have taken appellant home if he had requested to
leave.  Officer Rider stated that he did
not smell alcohol on appellant and that appellant Aappeared to understand exactly what was going
on.@ 
Officer Rider testified that he would have waited to conduct the
interview if appellant had indicated he was intoxicated. 

Appellant
testified at the hearing on his motion to suppress that his statement was not
freely and voluntarily given and that he was Adrunk@ at the time he gave the statement.   Appellant said that he was handcuffed when
taken to the police station, but that the handcuffs were removed before he gave
his statement.  Appellant stated that
Officer Rider told him to sign the statement and then he would take appellant
home.   Appellant asked Officer
Rider:  AYou mean I=m not
under arrest?@ Appellant said that he was informed he was
not under arrest before he signed the statement.  Appellant has not shown that the trial court abused its
discretion in denying his motion to suppress his written statement.  Appellant=s second issue on appeal is overruled.

The
judgment of the trial court is affirmed.

 

February 20, 2003                                                       TERRY
McCALL

Do not publish.  See TEX.R.APP.P. 47.2(b).    JUSTICE

Panel consists of: Arnot, C.J., and                                 

Wright, J., and McCall, J.

 

Published May 22, 2003, pursuant to granting

of Appellant=s motion for publication.











[1]Miranda v. Arizona, 384 U.S. 436 (1966).