11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

John William Chambers, III

Appellant

Vs.                   No.  11-01-00374-CR B
Appeal from Dallas County                           

State
of Texas

Appellee

 

The grand jury indicted appellant for the offense
of aggravated sexual assault of a child. 
The jury convicted appellant of the lesser offense of indecency with a
child and assessed his punishment at confinement in the Institutional Division
of the Texas Department of Criminal Justice for a term of 11 years.  We affirm.

                                                            Issues
Raised on Appeal

Appellant raises six points of error on
appeal.  The second point of error
attacks the inclusion of the offense of indecency with a child in the jury
charge as a lesser included offense. 
Appellant challenges the factual sufficiency of the evidence in his
first point of error.  The third, fourth,
and fifth points of error address other complaints regarding the jury
charge.  Appellant asserts in his sixth
point of error that the trial court erred in admitting during the punishment
phase of the trial a videotape depicting appellant engaging in sexual conduct
with an unidentified female.

                                                                Background
Facts

The victim, J.M., was 12 years old at the time the
offense occurred.  The offense occurred
in the home of a relative, Cheryl Payne. 
J.M. traveled to Payne=s
apartment in order to spend the night with Payne=s
child, W.W.  Appellant was Payne=s boyfriend at the time.  He was also present at Payne=s apartment along with Payne, W.W., and
J.M.  At some point in the evening, W.W.,
J.M., and appellant engaged in a pillow fight. 
J.M. testified that appellant pinched her breast during the pillow
fight.  At the time that it occurred,
J.M. was not sure if the pinch of her breast was intentional or
accidental.    








J.M., W.W., and appellant began watching a movie
after the pillow fight ended.  J.M. fell
asleep watching the movie.  She testified
that she was awakened Aby
someone feeling above my panties and just massaging myBmy
crotch area.@  J.M. opened her eyes to see if W.W. was the
person touching her.  J.M. determined
that W.W. had left the  room.  She then testified that the hand which was
touching her Awent into
my panties and started massaging, going down lower in my crotch area.  And it was under my panties by this
time.  And when he got to one part, he
stuck his finger in.@   Upon turning her head, J.M. saw a person with
hairy legs wearing khaki shorts near her. 
When J.M. began making sounds and gestures to indicate that she was
waking up, the other person got off of the couch and went outside of the
apartment.  J.M. then observed that Payne
and W.W. were still inside the apartment sleeping in their respective
bedrooms.  

J.M. told Payne that she had stomach cramps.  Payne testified that J.M. appeared to be
scared at that time.  J.M. denied to
Payne that anyone had Amessed@ with her.  J.M. called her mother and asked her to come
get her.  As J.M. and her mother began
driving away from the apartment, J.M. told her mother that appellant had Atried to finger her.@ 
J.M.=s mother
then returned to the apartment to speak with Payne about the incident.  When confronted by Payne, appellant denied
that the incident occurred.  He told
Payne that J.M. was jealous and that J.M. had tried to initiate contact with
him by pinching him during the pillow fight. 
Payne subsequently told appellant to leave her apartment. 

J.M.=s
mother transported her to the Carrollton Police Department.  Detective Dan Long took statements regarding
the incident from J.M. and her mother. 
J.M. was then transported to Children=s
Medical Hospital of Dallas for a child abuse examination.  The findings of the physician who examined
J.M. neither substantiated nor ruled out the abuse reported by J.M.  

                                                            Lesser
Included Offense








Appellant asserts in his second point of error
that the trial court erred in granting the State=s
request to include in the jury charge the offense of indecency with a
child.  The indictment charged appellant
with the first degree felony offense of aggravated sexual assault by alleging
that he intentionally and knowingly caused the penetration of J.M.=s female sexual organ with his
finger.  See TEX. PENAL CODE ANN. ' 22.021(a)(1)(B)(i) & (a)(2)(B)
(Vernon Supp. 2004).  At the close of
evidence in the guilt/innocence phase, the State requested that the second
degree offense of indecency with a child be included in the jury charge as a
lesser included offense.  See TEX.
PENAL CODE ANN. '
21.11(a)(1) (Vernon 2003).  The State
premised its request for the lesser charge on J.M.=s
outcry statement to her mother wherein she stated that appellant had Atried to finger her.@ 
The trial court granted this request. 
The defendant usually is the party requesting a charge on a lesser
offense in an effort to limit his criminal liability.  However, the State is equally entitled to
seek such a charge when it feels the proof has fallen short of proving the
charged offense.  See Arevalo v.
State, 943 S.W.2d 887, 890 (Tex.Cr.App.1997).

We apply a two‑step analysis to determine
whether a jury must be charged on a lesser included offense.  Moore v. State, 969 S.W.2d 4, 8
(Tex.Cr.App.1998).  The first step is to
decide whether the offense is a Alesser
included offense@ as
defined in Article 37.09 of the Code of Criminal Procedure.  See TEX. CODE CRIM. PRO. ANN. art.
37.09 (Vernon 1981);  Moore v. State,
supra at 8. The second step requires an evaluation of the evidence to
determine whether there is some evidence that would permit a rational jury to
find that the defendant is guilty only of the lesser offense, and not of the
greater.  Lofton v. State, 45
S.W.3d 649, 651 (Tex.Cr.App.2001);  Moore
v. State, supra at 8.  The
evidence must be evaluated in the context of the entire record.  Moore v. State, supra at 8.
There must be some evidence from which a rational jury could acquit the
defendant of the greater offense while convicting him of the lesser included
offense.  Moore v. State, supra
at 8. The court may not consider whether the evidence in question is credible,
controverted, or in conflict with other evidence.  Moore v. State, supra at
8.  If there is evidence from any source
that negates or refutes the element establishing the greater offense or if the
evidence is so weak that it is subject to more than one reasonable inference
regarding the aggravating element, the jury should be charged on the lesser
included offense.  Schweinle v. State,
915 S.W.2d 17, 19 (Tex.Cr.App.1996);  Saunders
v. State, 840 S.W.2d 390, 391‑92 (Tex.Cr.App.1992).








Appellant recognizes that indecency with a child
may be a lesser included offense of aggravated sexual assault. Cunningham v.
State, 726 S.W.2d 151, 153‑55 (Tex.Cr.App.1987). Whether indecency
with a child is a lesser included offense of aggravated sexual assault of a
child is to be determined on a case‑by‑case basis. Cunningham v.
State, supra at 154. The focus is Awhether the State=s case as presented to prove the offense
charged included proof of [a lesser included offense].@  Ochoa v. State, 982 S.W.2d 904, 908
(Tex.Cr.App.1998); Cunningham v. State, supra at 155.  

 Appellant
argues that the jury should not have been charged with the lesser included
offense of indecency with a child because there was sufficient evidence in the
record to withstand a legal sufficiency challenge if the jury had chosen to
convict appellant of aggravated sexual assault. 
Appellant is essentially asserting that an instruction for a lesser
included offense should only be given if the evidence supporting the greater
offense is legally insufficient. 
Appellant has not cited any authority that supports this proposition.  Furthermore, his contention is inconsistent
with the analysis that is used to determine if an instruction on a lesser
included offense should be given because it requires an evaluation of the
strength of the evidence presented to the jury to prove the greater offense.  Here the critical factor distinguishing the
two offenses is the element of penetration. 
J.M.=s
equivocal testimony and her mother=s
outcry testimony regarding the issue of penetration constituted some evidence
from which a rational jury could have acquitted appellant of the greater
offense while convicting him of the lesser included offense.  Appellant=s
second point of error is overruled.

                                                     Factual
Sufficiency of the Evidence








Appellant challenges the factual sufficiency of
the evidence in his first point of error. 
To determine if the evidence is factually sufficient, we must review all
of the evidence in a neutral light and determine whether the evidence
supporting guilt is so weak as to render the conviction clearly wrong and
manifestly unjust or whether the evidence supporting guilt, although adequate
when taken alone, is so greatly outweighed by the overwhelming weight of
contrary evidence as to render the conviction clearly wrong and manifestly
unjust. Vasquez v. State, 67 S.W.3d 229, 236 (Tex.Cr.App.2002); Goodman
v. State, 66 S.W.3d 283 (Tex.Cr.App.2001); Cain v. State, 958 S.W.2d
404 (Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126 (Tex.Cr.App.1996).
We review the fact finder=s
weighing of the evidence and cannot substitute our judgment for that of the
fact finder. Cain v. State, supra; Clewis v. State, supra. Due deference
must be given to the jury=s
determination, particularly concerning the weight and credibility of the
evidence.  Johnson v. State, 23
S.W.3d 1 (Tex.Cr.App.2000); Jones v. State, 944 S.W.2d 642
(Tex.Cr.App.1996), cert. den=d,
522 U.S. 832 (1997). This court has the authority to disagree with the fact
finder=s
determination Aonly when
the record clearly indicates such a step is necessary to arrest the occurrence
of a manifest injustice.@
Johnson v. State, supra at 9.

Citing Malik v. State, 953 S.W.2d 234, 240
(Tex.Cr.App.1997), appellant asserts that the factual sufficiency of the
evidence must be reviewed against the hypothetically correct jury charge,
rather than the actual charge.  
Appellant contends that we cannot consider the offense of indecency with
a child in reviewing the factual sufficiency of the evidence supporting his
conviction because the hypothetically correct jury charge in this case would
not have included this offense as a lesser included offense.  Appellant bases this contention on his
argument that the jury should not have been charged on the lesser offense of
indecency with a child.  Appellant argues
that we should only review the factually sufficiency of the evidence to
determine if it supports a conviction for aggravated sexual assault.  

We have previously determined that the trial court
did not err by charging the jury on the lesser included offense of indecency
with a child.  Accordingly, we review the
factually sufficiency of the evidence to determine its support for appellant=s conviction for the offense of
indecency with a child.  The jury heard
J.M.=s
testimony regarding the events, as well as appellant=s
denial that any inappropriate contact occurred. 
J.M.=s
testimony was neither  so weak nor
appellant=s
testimony so strong as to render appellant=s
conviction for indecency with a child clearly wrong or manifestly unjust.  Appellant=s
first point of error is overruled.

                                                       Definition
of Reasonable Doubt      

In his third point of error, appellant contends
that the trial court erred in failing to include a definition of reasonable
doubt in the jury charge.   As we noted in
Baker v. State, 94 S.W.3d 684, 689 (Tex.App. B
Eastland 2002, no pet=n),
the Texas Court of Criminal Appeals held in Paulson v. State, 28 S.W.3d
570 (Tex.Cr.App.2000), that the definition of reasonable doubt set out in Geesa
v. State, 820 S.W.2d 154 (Tex.Cr.App.1991), is no longer required to be
given in the jury charge.  The court
handed down Paulson on October 4, 2000. Appellant was indicted in
January 2001, and the trial began on September 10, 2001.  Appellant contends that, because the offense
is alleged to have occurred in November 1999, the trial court was required to
give the definition as required by Geesa. 








The reasonable doubt instruction is procedural in
nature.  See Geesa v. State,
supra.  Procedural rules generally
control litigation from their effective date. 
Wilson v. State, 473 S.W.2d 532 (Tex.Cr.App.1971); Montez v.
State, 975 S.W.2d 370 (Tex.App. ‑ Dallas 1998, no pet=n). Therefore, Paulson was
applied prospectively in this case.   See
Geesa v. State, supra; Baker v. State, supra.   Moreover, in Arroyo, the San Antonio
Court of Appeals reversed the defendant's conviction because the trial court
failed to give the entire Geesa instruction.  Arroyo v. State, 9 S.W.3d 330
(Tex.App. ‑ San Antonio 1999).  
The Court of Criminal Appeals reversed the San Antonio Court of Appeals
for reconsideration in light of Paulson thereby indicating that Paulson
applied even though it had not been issued at the time of the defendant=s trial.  Arroyo v. State, 32 S.W.3d 868
(Tex.Cr.App.2000); see Bordman v. State, 56 S.W.3d 63, 72
(Tex.App. ‑ Houston [14th Dist.] 2001, pet=n
ref=d).  
Appellant=s third
point of error is overruled.

                                            Definition
of Conduct Elements in Jury Charge

Appellant argues in his fourth point of error that
the trial court failed to limit the definitions of  Aintentionally@ and Aknowingly@ to the relevant conduct elements of
aggravated sexual assault and indecency with a child in the jury charge.  TEX. PENAL CODE ANN. '
6.03 (Vernon 2003) allows each element of an offense to be placed into one of
three categories:  (1) the nature of the
conduct;  (2) the result of the conduct;
or (3) circumstances surrounding the conduct. 
McQueen v. State, 781 S.W.2d 600, 603 (Tex.Cr.App.1989); Alvarado
v. State, 704 S.W.2d 36, 38 (Tex.Cr.App.1985); Baker v. State, supra
at 690; Pitre v. State, 44 S.W.3d 616 (Tex.App. ‑ Eastland 2001,
pet=n ref=d).   The jury charge contained the following
definitions for Aintentionally@ and Aknowingly@: 

A person acts intentionally, or with intent, with
respect to the nature of his conduct or to a result of his conduct when it is
his conscious objective or desire to engage in the conduct or cause the result.


 

A person acts knowingly, or with knowledge, with
respect to the nature of his conduct or to circumstances surrounding his
conduct when he is aware of the nature of his conduct or that the circumstances
exist.  A person acts knowingly, or with
knowledge, with respect to a result of his conduct when he is aware that his
conduct is reasonably certain to cause the result.

 








Appellant contends that aggravated sexual assault of a child and
indecency with a child are Anature
of conduct@ offenses
and that the trial court erred in including the Aresult
of conduct@ element
in its definitions of Aintentionally@ and Aknowingly.@

As noted previously, the
jury acquitted appellant of the offense of aggravated sexual assault of a
child.  Accordingly, we do not address
appellant=s
contention as it relates to this offense because of the acquittal.[1]  With respect to appellant=s contention as it relates to the
offense of indecency with a child, he cites Caballero v. State, 927
S.W.2d 128, 130-31 (Tex.App. B
El Paso 1996, pet=n ref=d), for the proposition that the
offense of indecency with a child is a Anature
of conduct@
offense.   Relying on Caballero,
appellant contends that the trial court erred by including the Aresult of conduct@ element in its definitions of Aintentionally@
and Aknowingly.@ 


The El Paso Court of Appeals
reaffirmed Caballero in Washington v. State, 930 S.W.2d 695,
697-700 (Tex.App. B El Paso
1996, no pet=n),
another case involving the offense of indecency with a child.  The jury charge in Washington also
included the Aresult of
conduct@ element
in its definition of Aintentionally.@ 
Washington v. State, supra at 698-700.  The court determined that the inclusion of
the Aresult of
conduct@ element
in the definition of Aintentionally@ did not constitute error Aunder the charge as a whole@ because the application paragraph of
the jury charge correctly stated the elements of the offense.  Washington v. State, supra at
699-700.   

The application paragraph in
the jury charge in this case stated:

Now, if you find from the evidence beyond a
reasonable doubt that on or about November 21, 1999, in Dallas County, Texas,
the defendant, John William Chambers, III, did then and there intentionally or
knowingly engage in sexual contact by using his finger with [J.M.], a child
younger than 14 years of age, you shall find the defendant guilty of indecency
with a child and not aggravated sexual assault of a child.

 

See Section 21.11(a)(1). 
The jury charge then defined Asexual
contact@ as
follows:

ASexual
contact@ means
the touching by a person, including touching through clothing, of any part of
the genitals of a child with the intent to arouse or gratify the sexual desire
of any person.








See TEX. PENAL CODE ANN. '21.11(c)(1)
(Vernon 2003).  As was the situation in Washington,
the application paragraph, coupled with the statutory definition of Asexual contact,@
correctly stated the elements of indecency with a child.  We agree with the holding in Washington
that the inclusion in the jury charge of the complete statutory definitions of Aintentionally@and
Aknowingly@
does not constitute error if the application paragraph correctly states the
elements of the offense.   Washington
v. State, supra at 699-700; see Baker v. State, supra
at 691.  Moreover,
appellant did not object to the jury charge; 
therefore, any error must be so egregious that appellant did not receive
a fair and impartial trial.  Almanza
v. State, 686 S.W.2d 157, 171 (Tex.Cr.App.1985). Even if the trial court
somehow erred in its charge, we find that appellant did not suffer egregious
harm as a result of the court=s
definitions of intentionally and knowingly.  
Appellant=s fourth
point of error is overruled.

                                 Jury
Instruction Regarding Eligibility for Good Conduct Time

In his fifth point of error, appellant argues that
the trial court erred in instructing the jury regarding the availability of
good conduct time because he was not eligible either for release on  mandatory supervision or for earlier parole
eligibility based on the accrual of good conduct time. See TEX. GOV=T CODE ANN. ''
508.149(a)(5) & 508.145(d) (Vernon Pamph. Supp. 2004).  TEX. CODE CRIM. PRO. ANN. art. 37.07, ' 4(a) (Vernon Supp. 2004) requires the
trial court to instruct the jury with precise wording regarding parole and good
conduct time.  Appellant attacks the
trial court=s
compliance with this legislative mandate. 
The Texas Court of Criminal Appeals has determined that a trial court
does not commit error when it instructs the jury in accordance with Article
37.07, section 4(a) even though the portion of the instruction regarding the
accrual of good conduct time is inapplicable to the defendant. Luquis v.
State, 72 S.W.3d 355, 363 (Tex.Cr.App.2002). Appellant=s fifth point of error is overruled. 

                                             Admission
of Videotape at Punishment Phase








In his sixth point of error, appellant asserts
that the trial court erred in admitting at the punishment phase a videotape
depicting him engaging in sexual activity with an unidentified adult
female.  Appellant objected to the admission
of the videotape on the ground that its prejudicial
effect outweighed its probative value.  See
TEX.R.EVID. 403.   Although the trial
court agreed with appellant=s
assertion, the trial court admitted the videotape based on its determination
that the prejudicial effect of the videotape did not substantially outweigh its
probative value under the standard set out in Rule 403.  We review a court=s
ruling on the admissibility of evidence for an abuse of discretion.  Green v. State, 934 S.W.2d 92, 101‑02
(Tex.Cr.App.1996), cert. den=d,
520 U.S. 1200 (1997). We will not reverse such a ruling so long as it falls Awithin the >zone
of reasonable disagreement.=@ Green v. State, supra at
102 (quoting Montgomery v. State, 810 S.W.2d 372, 391
(Tex.Cr.App.1991)).  Moreover, error may
not be predicated upon a ruling which admits or excludes evidence unless a
substantial right of the party is affected. 
See TEX.R.EVID. 103(a).  

During the guilt/innocence phase of the trial, the
trial court permitted the State to offer oral testimony regarding the acts
depicted on the videotape.[2]  Jim Spurger, an investigator  employed by the Dallas County District
Attorney=s Office,
testified about the contents of the videotape. 
The video depicted appellant and an unknown female engaging in various
activities in various states of undress. 
Spurger testified that, at the beginning of the videotape, it appeared
that appellant and the female were smoking crack cocaine.  The videotape later depicted appellant
engaging in sexual acts with the female while she appeared to be either asleep
or unconscious.  These acts included
appellant touching and digitally penetrating the female sexual organ of the
unidentified female for an extended period of time.[3]  The trial court subsequently permitted the
State to show the videotape to the jury during the punishment phase.








Appellant argues that the videotape was extremely
prejudicial because it suggested to the jury that he was Asexually depraved in general.@ 
At the punishment phase, the State may introduce evidence of any matter
the court deems relevant to sentencing, including any extraneous bad acts. TEX.
CODE CRIM. PRO. ANN. art. 37.07, '
3(a) (Vernon Supp. 2004).   The focus
during the punishment phase of trial is the personal responsibility and moral
blameworthiness of the defendant. 
Draheim v. State, 916 S.W.2d 593, 600 (Tex.App. B
San Antonio 1996, pet=n
ref=d).  
In Nenno, a case in which the defendant murdered a seven‑year‑old
girl after sexually assaulting her, the Court of Criminal Appeals found no
error in the admission of evidence of an encounter with another young girl in
which the defendant pulled her broken bicycle into his driveway, fixed the
chain, then patted her Aon
her >butt=@
making her Afeel mad
and sad.@ See
Nenno v. State, 970 S.W.2d 549, 564 (Tex.Cr.App.1998), overruled on
other grounds by State v. Terrazas, 4 S.W.3d 720 (Tex.Cr.App.1999).
The court rejected Nenno=s Rule 403‑based objection,
holding that Athe >inflammatory=
nature of the evidence is that it tended to show that appellant was a child
molester. Showing appellant to be a child molester was a perfectly legitimate
purpose; and while the evidence was >prejudicial=, it was not unfairly so.@ Nenno v. State, supra at
564.  

As was the case in Nenno, the State=s attempt to establish appellant=s character for sexual depravity was a
legitimate purpose for permitting the videotape to be shown at the punishment
phase of appellant=s
trial.  We conclude that the trial court
did not abuse its discretion by determining that the videotape was not unfairly
prejudicial.  See Draheim v.
State, supra at 600-01. 
Moreover, even if the trial court committed error in permitting the
videotape to be played to the jury, the record does  not necessarily establish that appellant suffered
harm from its admission.  As a result of
a prior  felony conviction, the
applicable punishment range for appellant=s
conviction for indecency with a child was enhanced to the range of 5 to 99
years or life.  See TEX. PENAL
CODE ANN. ''
12.42(b) & 12.32(a) (Vernon 2003 & Supp. 2004).  Accordingly, appellant=s
sentence of confinement for a term of 11 years is near the bottom of the
applicable punishment range.  Given the
nature of the offense for which he was convicted, the record does not establish
that the admission of the videotape had a significant impact on the sentence
imposed by the jury.  Appellant=s sixth point of error is
overruled.  

                                                                This
Court=s Ruling

The judgment of the trial court is affirmed.

 

TERRY McCALL 

JUSTICE

March 25, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.











     [1]We
addressed a similar contention as it relates to the offense of aggravated
sexual assault of a child in Baker v. State, supra at 690-92. 





     [2]Appellant
does not raise a complaint on appeal regarding the admission of this evidence
during the guilt/innocence phase.





     [3]We
have viewed the videotape in our consideration of appellant=s contention. 
Spurger accurately described the acts depicted on the videotape in his
testimony.  We additionally note that the
videotape is lengthy and quite graphic.