

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00331-CR

JERRY WAYNE KEITHLEY,

Appellant

v.

THE STATE OF TEXAS,

Appellee

**From the 87th District Court
Freestone County, Texas
Trial Court No. 16-117-CR**

## MEMORANDUM OPINION

In one issue, appellant, Jerry Wayne Keithley, challenges his conviction for continuous sexual abuse of a young child. *See* TEX. PENAL CODE ANN. § 21.02 (West Supp. 2016). Specifically, Keithley contends that the trial court provided incorrect instructions in the jury charge regarding the culpable mental states and that these errors resulted in egregious harm. Because we conclude that Keithley was not egregiously harmed by the charge in this case, we affirm.

# I. BACKGROUND

Here, Keithley was charged by indictment with continuous sexual abuse of a young child based on numerous allegations of sexual misconduct against his daughter, B.K., occurring over a period of five years. *See id.* The allegations supporting the indictment included the offenses of indecency with a child and aggravated sexual assault of a child.

This matter was tried to a jury, and at the conclusion of the evidence, the jury found Keithley guilty of the charged offense and assessed punishment at life imprisonment in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

# II. CHARGE ERROR

In his sole issue on appeal, Keithley asserts that the charge included erroneous instructions as to the culpable mental states for the underlying offenses of indecency with a child and aggravated sexual assault of a child. Specifically, Keithley complains that the underlying offenses are conduct-oriented and that the trial court erred by including expansive definitions of the terms "intentionally" and "knowingly."[1] According to

---

[1] The abstract portion of the charge provided the following definitions for "intentionally" and "knowingly":

> A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

Keithley, the trial court should have limited the jury's consideration of the term "knowingly" to the aggravated-sexual-assault accusation, rather than the indecency-with-a-child allegation. Because of these errors, Keithley argues that he was egregiously harmed. The State concedes that there was error in the charge, but counters that Keithley was not egregiously harmed.

**A.      Applicable Law**

In reviewing a jury-charge issue, an appellate court's first duty is to determine whether error exists in the jury charge. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). If error is found, the appellate court must analyze that error for harm. *Middleton v. State*, 125 S.W.3d 450, 453-54 (Tex. Crim. App. 2003). As noted earlier, the State concedes error; therefore, we proceed to the harm analysis.

If an error was properly preserved by objection, reversal will be necessary if the error is not harmless. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Conversely, if error was not preserved at trial by a proper objection, a reversal will be granted only if the error presents egregious harm, meaning appellant did not receive a fair and impartial trial. *Id.* To obtain a reversal for jury-charge error, appellant must have

---

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

These definitions comport with the full definitions provided in section 6.03 of the Penal Code. *See* TEX. PENAL CODE ANN. § 6.03(a)-(b) (West 2011).

suffered actual harm and not just merely theoretical harm. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012); *Arline v. State*, 721 S.W.2d 348, 352 (Tex. Crim. App. 1986).

The record reflects that Keithley did not raise this objection to the jury charge in the trial court; thus, the record must show egregious harm. *See Almanza*, 686 S.W.2d at 171. In examining the record for egregious harm, we consider the entire jury charge, the state of the evidence, the final arguments of the parties, and any other relevant information revealed by the record of the trial as a whole. *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006). Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).

## B. Discussion

### 1. The Entire Jury Charge

Among the items that factor into an egregious-harm analysis is the consideration of the degree, if any, to which the culpable mental states were limited by the application portion of the jury charge. *Reed v. State*, 421 S.W.3d 24, 29 (Tex. App.—Waco 2013, pet. ref'd) (citing *Patrick v. State*, 906 S.W.2d 481, 492 (Tex. Crim. App. 1995); *Hughes v. State*, 897 S.W.2d 285, 296 (Tex. Crim. App. 1994); *Cook v. State*, 884 S.W.2d 485, 492 (Tex. Crim. App. 1994)). In this case, although the trial court gave the full statutory definitions for "intentionally" and "knowingly" in the abstract portion of the charge, *see* TEX. PENAL

CODE ANN. § 6.03(a)-(b) (West 2011), the trial court limited the scope of the definitions in

the application paragraphs pertaining to the alleged conduct:

> Now, if you find from the evidence beyond a reasonable doubt that during a period that was 30 or more days in duration, to-wit: from on or after, December 1, 2005 through December 1, 2010, in Freestone County, Texas, the defendant, JERRY WAYNE KEITHLEY, did then and there, when the defendant was 17 years of age or older, commit two or more acts of sexual abuse against a child, younger than 14 years of age, namely, the defendant,
>
> did then and there, with the intent to arouse or gratify the sexual desire of Jerry Wayne Keithley, engage in sexual contact with [B.K.] by causing [B.K.], a child younger than 17 years of age, to touch the sexual organ of the Jerry Wayne Keithley with her hand
>
> did then and there, with the intent to arouse or gratify the sexual desire of Jerry Wayne Keithley, engage in sexual contact with [B.K.] by touching the sexual organ of [B.K.], a child younger than 17 years of age, with the Defendant's hand
>
> did then and there, with the intent to arouse or gratify the sexual desire of Jerry Wayne Keithley, engage in sexual contact with [B.K.] by touching the sexual organ of [B.K.], a child younger than 17 years, with the Defendant's hand
>
> did then and there, with intent to arouse or gratify the sexual desire of Jerry Wayne Keithley, engage in sexual contact with [B.K.] by causing [B.K.], a child younger than 17 years of age, to touch the sexual organ of Jerry Wayne Keithley with her body
>
> did then and there, with intent to arouse or gratify the sexual desire of Jerry Wayne Keithley, engage in sexual contact with [B.K.] by touching the sexual organ of [B.K.], a child younger than 17 years of age, with the Defendant's body
>
> did then and there intentionally or knowingly cause the penetration of the sexual organ of [B.K.], a child who was then and there younger than 14 years of age, by the Defendant's finger

> Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt hereof, you will acquit the defendant and say by your verdict "Not Guilty."

As shown above, the jury was instructed that it could convict Keithley of the underlying offense of aggravated sexual assault of a child only if it found that he had intentionally or knowingly caused the penetration of the sexual organ of B.K. with his finger. This is consistent with the statutorily-prohibited conduct. *See* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2016). Additionally, the application paragraphs limited the jury's consideration of the term "knowingly" to the aggravated sexual assault allegation, rather than the indecency-with-a-child allegations. Moreover, the wording of the indecency-with-a-child allegations contained in the application portion of the charge comports with section 21.11 of the Penal Code. *See id.* § 21.11 (West 2011).

A finding of egregious harm is mitigated when the application paragraphs correctly instruct the jury on the law applicable to the case. *See Reed*, 421 S.W.3d at 30 (citing *Patrick*, 906 S.W.2d at 493; *Hughes*, 897 S.W.2d at 296-97; *Pitre v. State*, 44 S.W.3d 616, 621 (Tex. App.—Eastland 2001, pet. ref'd); *Belmares v. State*, No. 03-11-00121-CR, 2011 Tex. App. LEXIS 9273, at *9 (Tex. App.—Austin Nov. 23, 2011, pet. ref'd) (mem. op., not designated for publication)). Furthermore, the inclusion of merely superfluous abstraction never produces reversible error in the court's charge because it has no effect on the jury's ability to implement fairly and accurately the commands of the application paragraph or paragraphs. *See Plata v. State*, 926 S.W.2d 300, 302-03 (Tex. Crim. App. 1996),

*overruled on other grounds by Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1991); *see also*

*Garcia v. State*, No. 10-14-00028-CR, 2015 Tex. App. LEXIS 2175, at **5-6 (Tex. App.—Waco

Mar. 5, 2015, pet. ref'd) (mem. op., not designated for publication). Because the

application paragraphs in this charge correctly instructed the jury on the law applicable

to the case, and because the abstract definitions of the culpable mental states contained

superfluous language that does not constitute reversible error, we conclude that a

consideration of the entire jury charge does not support a finding of egregious harm. *See*

*Gelinas v. State*, 398 S.W.3d 703, 710 (Tex. Crim. App. 2013 (noting that the *Almanza*

analysis "is a fact specific one which should be done on a case-by-case basis"); *Reed*, 421

S.W.3d at 30; *see also McCarty v. State*, No. 10-13-00066-CR, 2013 Tex. App. LEXIS 12407,

at *7 (Tex. App.—Waco Oct. 3, 2013, pet. ref'd) (mem. op., not designated for publication)

(declining to find that appellant was egregiously harmed because "the application

paragraph of the charge served to limit the culpable mental states to their relevant

conduct elements").

### 2. The State of the Evidence

In arguing that the State's case was weak, Keithley asserts that he vigorously

contested the State's evidence regarding B.K.'s credibility. Keithley points to testimony,

including that of B.K.'s mother, that conflicts with the testimony of B.K. regarding the

instances of sexual abuse. Keithley contends that the various conflicts in the evidence

support a finding of egregious harm.

We are not persuaded by Keithley's arguments. It is well-established that a child victim's testimony alone is sufficient to support a conviction for aggravated sexual assault of a child and indecency with a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2016); *see also Cantu v. State*, 366 S.W.3d 771, 775 (Tex. App.—Amarillo 2012, no pet.); *Abbott v. State*, 196 S.W.3d 334, 341 (Tex. App.—Waco 2006, pet. ref'd). Furthermore,

> courts will give wide latitude to testimony given by child victims of sexual abuse. The victim's description of what happened need not be precise, and the child is not expected to communicate with the same level of sophistication as an adult. Corroboration of the victim's testimony by medical or physical evidence is not required.

*Cantu*, 366 S.W.3d at 776 (internal citations omitted).

Here, B.K. testified about ongoing sexual abuse, including instances of aggravated sexual assault of a child and indecency with a child, perpetrated by Keithley. To the extent that other evidence presented at trial conflicts with the testimony of B.K., we note that a jury may believe all, some, or none of any witness's testimony. *See Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). And by finding Keithley guilty, the jury believed B.K.'s version of the incidents, and we are to defer to the jury's resolutions of any conflicts in the evidence. *See id.*; *see also Lancon v. State*, 253 S.W.3d 699, 706 (Tex. Crim. App. 2008). As such, based on B.K.'s testimony, Keithley's conviction is supported by sufficient evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07; *see also Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011); *Cantu*, 366 S.W.3d at 775-76. Therefore, we

cannot say that this factor weighs in favor of egregious harm. *See Gelinas*, 398 S.W.3d at 710; *see also Olivas*, 202 S.W.3d at 144.

### 3. Final Arguments of the Parties

In its final arguments, the State correctly stated that the jury needed to find beyond a reasonable doubt that Keithley touched B.K. "with intent to arouse or gratify the sexual desire of himself" when referring to the indecency allegations. The State also referenced the aggravated-sexual-assault-of-a-child allegation; however, the State did not mention the culpable mental state pertaining to that allegation. On the other hand, in his final argument, Keithley's counsel did not reference the culpable mental states. Instead, he focused his argument on the theory that B.K. lied about the instances of sexual abuse. Based on our review of the record, we cannot say that this factor weighs in favor of finding egregious harm. *See Gelinas*, 398 S.W.3d at 710; *Olivas*, 202 S.W.3d at 144; *see also Reed*, 421 S.W.3d at 30 (declining to find that appellant was egregiously harmed when appellant denied that the incident occurred and his closing arguments focused on the credibility of the child victim, not on whether he possessed the culpable mental state required to commit the offense).

### 4. Other Relevant Information

In his brief, Keithley acknowledges that the record "contains no 'other considerations' suggesting [he] suffered egregious harm from the trial court's errors." As

such, we cannot say that this factor weighs in favor of finding egregious harm. *See Gelinas*, 398 S.W.3d at 710; *see also Olivas*, 202 S.W.3d at 144.

### 5. Summary

Based on the foregoing, we do not find that any of the *Olivas* factors weigh in favor of a finding of egregious harm. *See* 202 S.W.3d at 144. We therefore cannot conclude that the error in failing to limit the culpable mental states in the abstract portion of the jury charge resulted in egregious harm to Keithley. *See id.*; *see also Almanza*, 686 S.W.2d at 171. Accordingly, we overrule Keithley's sole issue on appeal.

### III. CONCLUSION

We affirm the judgment of the trial court.


AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed June 7, 2017
Do not publish
[CRPM]

