Henry MENA, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–87–00038–CR.

Court of Appeals of Texas,
San Antonio.

April 29, 1988.

Jacquelyn Snyder, San Antonio, for appellant.

Fred G. Rodriguez, Fernando Ramos, Anthony Miller, Barbara Hervey, Crim. Dist. Attys., San Antonio, for appellee.

Before REEVES, DIAL and CHAPA, JJ.

## OPINION

CHAPA, Justice.

The opinion dated March 16, 1988 is withdrawn and the following opinion is the opinion of this court.

Appellant, Henry Mena, Jr., was indicted for attempted murder. A jury convicted appellant of aggravated assault with a deadly weapon. The court sentenced appellant to 10 years' confinement. We affirm the conviction.

The issues before us are:

1) whether the trial court committed reversible error in failing to instruct the jury that the State has the burden of proof;

2) whether the trial court committed reversible error by including within the definition of the mental states "intentionally" and "knowingly" definitions applicable to appellant's conduct; and

3) whether the trial court committed reversible error in failing to apply the law of parties to the facts in the jury charge.

The record reflects that on April 20, 1986, the decedent, Hiram Galan, was visiting some friends outside their house when appellant and a co-defendant, Dagoberto Nevarez, arrived in a car. Both appellant and Nevarez were carrying shotguns as they got out of the vehicle. Appellant shot Galan in the leg, and as Galan attempted to get back to his feet, Nevarez shot him in the head. Both appellant and Nevarez then began shooting at the house. The complainant, Janie Huron, who was an oc-cupant inside the house, was injured in the shooting.

In the first point of error, appellant contends that the trial court committed reversible error in failing, over appellant's timely objection, to instruct the jury that the burden of proof is on the State.

There was no specific instruction on burden of proof in the jury charge. However, when the court came to apply the law to the facts, the jury was instructed to find the defendant not guilty unless they found him guilty beyond a reasonable doubt. The jury charge also charged on the presumption of innocence. These instructions have been held to be a sufficient charge on the State's burden of proof. *Humphries v. State*, 163 Tex.Crim. 601, 295 S.W.2d 218, 220 (1956). Where the trial court fails to include an instruction specifically stating that the State has the burden of proof, there is no reversible error if the charge, when read as a whole, adequately informs the jury that the State has the burden of proof on each element of the offense. *Simpson v. State*, 709 S.W.2d 797, 799 (Tex.App.—Fort Worth 1986, pet. ref'd). We hold that in reading the charge as a whole the jury was adequately instructed on the State's burden of proof.

Further, after examining the entire record, we conclude that error, if any, was harmless. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (en banc). During the *voir dire* examination and the closing arguments, the jury was told by both the court and the attorneys that the burden of proof was on the State. The record reflects the following:

THE COURT: Now, the Defendant comes into court presumed to be innocent. The two Defendants are each presumed to be innocent and the burden of proof is on the State to prove their guilt beyond a reasonable doubt....

MR. RAMOS: (prosecutor) Now the law says—and it is a good law. The constitution [sic] says that a person does not have to testify in his own behalf. The State has to prove everything. The

State must take you from not knowing anything to a position of whatever it is for you beyond a reasonable doubt. . . .

MR. SAENZ: (attorney for appellant) . . . any defendant in a criminal case here in Texas or, as a matter of fact, in the whole United States, is presumed to be innocent.

All that is saying is that the State, the one making the accusation, has the burden to come forward and present evidence to show the triers of fact, in this case the jury—to show that what they say is true. . . .

MR. LUNA: (attorney for Nevarez): Let me talk about something that came up. We are saying this term "He is presumed to be innocent." It is the burden of the State to find him guilty. It is not your burden to find him innocent. Innocent is a heavier standard. If they don't prove him guilty, if you have a reasonable doubt, then he is not guilty. You don't have to find that he is innocent, just that the State failed to prove one of its major elements . . .

\* \* \* \* \* \*

You are to determine whether the State proved them guilty or else find them not guilty. The State has the burden to prove them guilty beyond a reasonable doubt or else they are not guilty . . .

The point of error is overruled.

■ Appellant next contends that the trial court committed reversible error in the jury charge by including within the definition of the culpable mental states of intentionally and knowingly a definition applicable to appellant's conduct.

The jury charge contained the following definitions of intentionally and knowingly:

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

Appellant, citing *Alvarado v. State,* 704 S.W.2d 36 (Tex.Crim.App.1985) (en banc), argues that when an offense requires that the culpable mental state accompany the result of the conduct, rather than the nature of the conduct, it is reversible error to include within the definition of intentionally and knowingly a definition applicable to the actor's conduct rather than the particular result. The State concedes that murder and other assaultive offenses are similar to the offense involved in *Alvarado* in that each is categorized as an offense which requires that a culpable mental state be associated with the intended result. Nevertheless, the State argues, *Alvarado* is distinguishable from the instant case. We agree.

In *Alvarado,* the appellant was convicted of injury to a child. Because the appellant claimed throughout the trial that she was not aware that the bath water was hot enough to cause severe injury to the child, the issue of appellant's culpability was contested. Appellant accordingly requested that the trial court limit the definitions of the culpable mental states to that which relates in each to the result of the offense. The trial court denied these charges. In his final argument to the jury, the prosecutor compounded the error by reminding the jury that a finding that appellant had engaged in the conduct of placing the child in hot water intentionally or knowingly was sufficient for a conviction.

In the instant case, appellant made no objection to the definition of intentionally or knowingly. Appellant presented no defense which would directly effect an assessment of his conduct, *i.e.* that he intentionally or knowingly shot or shot at the complainant, but that he did not intend the result. Furthermore, the prosecutor did not compound the error by relying on the erroneous definition in his final argument.

After examining the entire record, we find that egregious harm has not been shown. *Almanza v. State*, 686 S.W.2d at 171. The points of error are overruled.

■ In the final point of error, appellant contends that the trial court committed reversible error in failing to apply the law of parties to the facts in the jury charge. The charge which the trial court gave to the jury gave an abstract instruction on the law of parties, but did not apply the law to the facts. Appellant made no objection to the omission of the application of the law of parties. When no objection is shown, egregious harm must be demonstrated. *Black v. State*, 723 S.W.2d 674, 675 (Tex. Crim.App.1986) (en banc); *Almanza v. State*, 686 S.W.2d at 171.

■ Generally, where the evidence supports a defendant's guilt as a primary actor, any error of the trial court in charging on the law of parties is harmless. *Black v. State*, 723 S.W.2d at 675. Arthur Jones testified as follows:

Q: All right. Then when you got to the window, what did you do there at the window?

A: I was watching them. They were just shooting at my front door. They would never shoot at the other windows, only at the front.

Q: Now, what did you observe Henry Mena do when you were there at the window?

A: Well, he fired again at my house.

Q: What did you observe the individual you have called Brown (Nevarez)— what was he doing?

A: Firing at my house, too.

Q: What is the next thing that you recall happening?

A: Well, after they finished shooting at my house they ran to their car and they took off real fast, went around the corner going down Commerce.

Q: All right, sir. And was anyone else injured?

A: Yes.

Q: Who was that?

A: Janie Huron. [Complainant]

Q: Is that the same Janie Huron [Complainant] you have stated that is your common-law wife?

A: Yes.

Q: How was she injured?

A: By the shotgun blasts going inside my house.

We find sufficient evidence in the record to support the guilt of appellant as a primary actor. Further, the record reflects that appellant's guilt as primary actor was the theory best supported by the evidence; no basis existed for rejecting the evidence of guilt as primary actor; and the prosecution did not advance the law of parties theory during final argument. *See Johnson v. State*, 739 S.W.2d 299, 305 (Tex. Crim.App.1987) (en banc). We therefore hold that egregious harm has not been demonstrated. The point of error is overruled.

The judgment is affirmed.