Wenseslao Rodriguez
SALDIVAR, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–88–573–CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 14, 1989.

---

2. Tex.Civ.Prac. & Rem.Code Ann. § 33.013 (Vernon Supp.1989).

Jose Antonio Gomez, Edinburg, for appellant.

Rene Guerra, Dist. Atty., Edinburg, for appellee.

Before NYE, C.J., and BENAVIDES and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

A jury convicted Wenseslao Rodriguez Saldivar of aggravated sexual assault and the court sentenced him to forty years' confinement in the Texas Department of Corrections. By two points of error, appellant claims that the trial court erred in overruling his objections to the definitions of "intentionally" and "knowingly" contained in the charge. We affirm the judgment of trial court.

Appellant's indictment tracked § 22.021 of the Texas Penal Code, defining the offense of Aggravated Sexual Assault. Tex. Penal Code Ann. § 22.021 (Vernon 1989).

The indictment read (in pertinent part) as follows: "Saldivar ... intentionally and knowingly cause[d] his finger to penetrate the female sexual organ of ... the victim, a child younger than 17 years of age and not the spouse of the defendant, and the said victim was then and there younger than 14 years of age."

The definitions contained in Section III of the court's charge to the jury are those in § 6.03 of the Texas Penal Code. Tex. Penal Code Ann. § 6.03 (Vernon 1974). They are as follows:

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result; and

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or the circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

At trial, appellant objected to these definitions on the grounds that aggravated sexual assault dealt with the nature of the crime committed and not the result. He argued that allowing the definitions in the charge as stated would allow the jury to find intent for both the nature of the conduct alleged and the result, which is too expansive. He asked the court to limit the definitions to the nature of the conduct and to exclude any reference to the result of the conduct. The trial judge overruled his objections and included the full statutory definitions. Appellant reasserts this argument on appeal.

The State, on the other hand, argues that aggravated sexual assault is a result-oriented crime. It contends that the culpable mental state must apply to the result of the accused's conduct.

Appellant and the State cite *Alvarado v. State*, 704 S.W.2d 36 (Tex.Crim.App.1985) in support of their positions. Alvarado's

conviction for injury to a child under § 22.04 of the Texas Penal Code was reversed for error by the trial court for incorrectly instructing the jury regarding the culpable mental state required for the crime. *Alvarado,* 704 S.W.2d at 40. Both parties rely on the court's discussion of its interpretations of sections of the Texas Penal Code which do not apply to this case. *Alvarado,* 704 S.W.2d at 38–39.

Succinctly, appellant claims that *Alvarado* stands for the proposition that "rape" statutes deal with the nature of the conduct, not the result, and that since aggravated sexual assault replaced rape in the statutes, it is a "nature of the conduct" crime. The State claims that appellant's reliance on *Alvarado* is misplaced and that the opinion instead states that all assaultive offenses are result oriented, and that therefore aggravated sexual assault is a result-oriented crime.

■ We find neither argument persuasive. As the Court of Criminal Appeals has not yet characterized the offense of aggravated sexual assault as either a "result" or "nature of conduct" type offense, we are required by *Alvarado* to look at the Aggravated Sexual Assault section of the Penal Code and to determine whether the Legislature intended to punish a "specified result" as opposed to "specific conduct." *Alvarado,* 704 S.W.2d at 39. An offense may not fit neatly into the category of either a "result" type offense or a "nature of the conduct" type offense. *Bosier v. State,* 771 S.W.2d 221, 225 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd); *Adams v. State,* 744 S.W.2d 622, 628–29 (Tex.App.—Fort Worth 1987, pet. ref'd).

Section 22.021 states that an individual commits an offense if he intentionally or knowingly "causes" certain specified sexual contact. *See* Tex. Penal Code Ann. § 22.021(a)(1). Clearly the use of the word "causes" after the intentional or knowing requirement focuses on the resulting conduct of the proscribed sexual contact. Section 22.021 further refers to the circumstances of the sexual conduct and qualifies the offense as occurring only in conjunction with certain specific conditions. *See* Tex.

Penal Code Ann. § 22.021(a)(2). These specific conditions cannot be clearly categorized and are a mixture of specified results and acts, and include an alternative condition or requirement that the victim be under fourteen years of age. Hence, by way of these two parts in § 22.021, the Legislature intended to punish a "specified result" when it occurs in conjunction with either other "specified results," "specific conduct," or a circumstance of the victim. *See Alvarado,* 704 S.W.2d at 39; *Bosier,* 771 S.W.2d at 225. Therefore, by combining the initial "result" type offense with one of the specific conditions of the second part of the offense, aggravated sexual assault would appear to be only a "result" type offense, or a mixture of "result" and "nature of the conduct" type offense.

In this case, the "result" type offense of § 22.021(a)(1) is paired with the § 22.021(a)(2)(B) qualification that the victim be under the age of fourteen. The age of the victim is not relevant to the cuplable mental state of the offender; the statutory elements of § 22.021 do not require that the offender know that the victim is under the age of fourteen. *Cf. Roof v. State,* 665 S.W.2d 490, 491–92 (Tex.1984) (statutory element regarding age in statute proscribing indecency with a child, which is similar to the age element in § 22.021, does not require that defendant know victim's age); *see also Huff v. State,* 660 S.W.2d 635, 638 (Tex.App.—Corpus Christi 1983, pet. ref'd). Thus, in this case, mental culpability applies only to the first part of the statute and, therefore, appellant was charged with a result type offense.

■ When an offense is not clearly categorized as either a "result" or "nature of the conduct" type offense, it is not error for the trial court to submit the statutory definitions of "intentionally" and "knowingly" because both definitions allow the jury to consider the nature of a offender's conduct or the results of his conduct. *Bosier,* 771 S.W.2d at 225. It follows then that when an offense is both a "result" and a "nature of the conduct" type offense that the trial court should submit the complete statutory definitions of "intentionally" and

"knowingly" so that the jury can consider both the result of an offender's conduct and the nature of his conduct. Similarly, when an offense is only a "result" or a "nature of the conduct" type offense, the court should submit statutory definitions of "intentionally" or "knowingly" which are limited to the respective culpable mental state required. *See Alvarado,* 704 S.W.2d at 40. The appellant's objections in the trial court and on appeal are to the inclusion of the "result" references in the definition of "intentionally" or "knowingly," and not to the inclusion of the "nature of the conduct" references. Since the offense charged is a "result" type offense, the trial court did not err in including the "result of the conduct" instructions. Appellant's points of error are overruled.

 Although we would be required to determine the effect of error in the charge only in the event appellant's points of error were well-founded, we do so now (assuming error) for the sake of completeness. Error in the charge results in harm to the defendant, but the error is reversible only if the harm is actual and not just theoretical. *Arline v. State,* 721 S.W.2d 348, 351 (Tex.Crim.App.1986); *Almanza v. State,* 686 S.W.2d 157, 174–75 (Tex.Crim. App.1984). We have reviewed the entire record to determine whether appellant suffered any actual harm from the instructions of which he complains. *Arline,* 721 S.W.2d at 352; *Almanza,* 686 S.W.2d at 171. Where no defense is presented which would directly affect an assessment of mental culpability, there is no harm in submitting erroneous definitions of "intentionally" and "knowingly." *Adams,* 744 S.W.2d at 628–29; *see also Mena v. State,* 749 S.W.2d 643, 645 (Tex.App.—San Antonio 1988, pet. ref'd); *Mena v. State,* 749 S.W.2d 639, 642 (Tex.App.—San Antonio 1988, pet. ref'd). The record reflects that no defense regarding mental culpability was presented and no issue was ever raised as to appellant's mental culpability. Any harm would be purely theoretical and not actual and, therefore, harmless.

The judgment of the trial court is AFFIRMED.