# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00121-CR

**Benito Belmares, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. D-1-DC-10-301302, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Benito Belmares of the offense of aggravated sexual assault of a child. *See* Tex. Penal Code Ann. § 22.021 (West 2011). Punishment was assessed at 25 years' imprisonment. In a single point of error, Belmares asserts that the court's charge to the jury erroneously defined the culpable mental states for the offense. We will affirm the judgment.

## BACKGROUND

In a three-count indictment, Belmares was charged with committing the offenses of aggravated sexual assault of a child, indecency with a child by contact, and indecency with a child by exposure. At trial, the jury heard testimony from several witnesses, including the victim, 10-year-old V.S.; Wendy Woodruff, a counselor at V.S.'s school to whom V.S. had first reported the abuse; Sandra Espinosa Belmares, V.S.'s mother; and Amy Lynn Calloway, an employee of the Children's Advocacy Center who had interviewed V.S. during the investigation. Belmares

testified in his defense and denied the allegations against him, claiming that the victim's outcry was fabricated.

The jury found Belmares guilty of aggravated sexual assault of a child as alleged in count one of the indictment and assessed punishment as noted above. The district court sentenced Belmares in accordance with the jury's verdict. This appeal followed.

## STANDARD OF REVIEW

We review claims of jury charge error under the two-pronged test set out in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); *Swearingen v. State*, 270 S.W.3d 804, 808 (Tex. App.—Austin 2008, pet. ref'd). We first determine whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005); *Swearingen*, 270 S.W.3d at 808. If error exists, we then evaluate the harm caused by the error. *Ngo*, 175 S.W.3d at 743; *Swearingen*, 270 S.W.3d at 808. The degree of harm required for reversal depends on whether that error was preserved in the trial court. When error is preserved in the trial court by timely objection, the record must show only "some harm." *Almanza*, 686 S.W.2d at 171; *Swearingen*, 270 S.W.3d at 808. By contrast, unobjected-to charge error requires reversal only if it resulted in "egregious harm." *See Neal v. State*, 256 S.W.3d 264, 278 (Tex. Crim. App. 2008).

## ANALYSIS

In his sole point of error, Belmares asserts for the first time on appeal that the district court erroneously included in the jury charge the following definitions of the terms "intentionally" and "knowingly":

2

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

The above definitions, which track the full statutory definitions provided in the penal code, encompass all of the conduct elements that may be involved in an offense.[1] *See* Tex. Penal Code Ann. § 6.03(a), (b) (West 2011). Belmares argues that the definitions should have been limited to include only the conduct elements that are applicable to the offense of sexual assault. *See Cook v. State*, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994) ("It is error for a trial judge to not limit the definitions of the culpable mental states as they relate to the conduct elements involved in the particular offense.").

As the State observes in its brief, the law is unsettled on how the culpable mental states should be defined in a sexual-assault charge. Some courts of appeals have concluded that a full statutory definition is permissible because sexual assault is either a result-of-conduct offense

___

[1] There are three possible conduct elements that may be involved in an offense: (1) the nature of the conduct; (2) the result of the conduct; and (3) the circumstances surrounding the conduct. *McQueen v. State*, 781 S.W.2d 600, 603 (Tex. Crim. App. 1989). "An offense may contain any one or more of these 'conduct elements' which alone or in combination form the overall behavior which the Legislature has intended to criminalize, and it is those essential 'conduct elements' to which a culpable mental state must apply." *Id*. For example, murder is a result-of-conduct offense. *Cook v. State*, 884 S.W.2d 485, 490 (Tex. Crim. App. 1994). Therefore, for that offense, the court's charge should define the culpable mental states as they relate to the result of the defendant's conduct, and it is error for the charge to define the culpable mental states in relation to the other conduct elements. *See id*.

3

or combines both result-of-conduct and nature-of-conduct elements. *See, e.g.*, *Baker v. State*, 94 S.W.3d 684, 690-91 (Tex. App.—Eastland 2002, no pet.) (concluding that offense of aggravated sexual assault of child involves both result-of-conduct and nature-of-conduct elements and that trial court did not err in defining intentionally and knowingly in terms of result-of-conduct); *Murray v. State*, 804 S.W.2d 279, 280-81 (Tex. App.—Fort Worth 1991, pet. ref'd) (concluding that trial court did not err in submitting full statutory definitions of intentionally and knowingly because aggravated sexual assault had not yet been characterized as either "result-of-conduct" or "nature-of-conduct" offense); *Saldivar v. State*, 783 S.W.2d 265, 267-68 (Tex. App.—Corpus Christi 1989, no pet.) (concluding that sexual assault is "result-of-conduct" offense and thus trial court did not err in including "result-of-conduct" definition); *see also Wagner v. State*, No. 08-09-00021-CR, 2010 Tex. App. LEXIS 4087, at *12-16 (Tex. App.—El Paso May 28, 2010, pet. ref'd) (not designated for publication) (concluding that trial court does not err by submitting full statutory definitions of "intentionally" and "knowingly"); *Hutson v. State*, No. 05-09-00033-CR, 2009 Tex. App. LEXIS 7873, at *13-14 (Tex. App.—Dallas Oct. 8, 2009, no pet.) (mem. op., not designated for publication) ("When an offense, such as aggravated sexual assault, is not clearly a result-oriented or a nature-of-the-conduct type offense, it is not error for the trial court to submit both in its definitions of knowingly and intentionally."). However, this Court has recently held, in an unpublished opinion, that because sexual assault is a "conduct" offense, it was error for a jury charge to define "knowingly" in terms of the "result of conduct." *See Ates v. State*, No. 03-09-00501-CR,

4

2011 Tex. App. LEXIS 860, at *17-18 (Tex. App.—Austin Feb. 4, 2011, pet. ref'd) (mem. op. on reh'g, not designated for publication).[2]

Assuming without deciding that it was error for the jury charge to include the full statutory definitions of "intentionally" and "knowingly," the fact remains that Belmares did not object to the definitions at trial. Therefore, Belmares would not be entitled to reversal unless he was egregiously harmed by those definitions. "Errors which result in egregious harm are those that affect the very basis of the case, deprive the defendant of a valuable right, vitally affect the defensive theory, or make a case for conviction clearly and significantly more persuasive." *Taylor v. State*, 332 S.W.3d 483, 490 (Tex. Crim. App. 2011). In other words, the error must have been so harmful that Belmares was denied "a fair and impartial trial." *Patrick v. State*, 906 S.W.2d 481, 492 (Tex. Crim. App. 1995); *Arline v. State*, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986); *Almanza*, 686 S.W.2d at 171. "In determining whether Appellant was deprived of a fair and impartial trial, we review 'the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.'" *Taylor*, 332 S.W.3d at 489 (quoting *Almanza*, 686 S.W.2d at 171). Additionally, in assessing harm resulting from the inclusion of improper conduct elements in the definitions of culpable mental states, we "may consider the degree, if any, to which the culpable

---

[2] The court of criminal appeals has not squarely addressed this issue. The court has, however, in the context of double-jeopardy and jury-unanimity cases, characterized sex offenses as "conduct" or "nature-of-conduct" crimes. *See Gonzales v. State*, 304 S.W.3d 838, 847-48 (Tex. Crim. App. 2010); *Huffman v. State*, 267 S.W.3d 902, 906 (Tex. Crim. App. 2008).

5

mental states were limited by the application portions of the jury charge." *Patrick*, 906 S.W.2d at 493; *Hughes v. State*, 897 S.W.2d 285, 296 (Tex. Crim. App. 1994); *Cook*, 884 S.W.2d at 492 n.6.

In this case, although the district court gave the full statutory definitions of the culpable mental states in the abstract portion of the charge, the court limited the scope of the definitions in the application paragraph to the alleged conduct:

> [I]f you believe from the evidence beyond a reasonable doubt that the defendant . . . did then and there intentionally or knowingly cause the penetration of the sexual organ of [V.S.], a child younger than 14 years of age and not his spouse, by the finger of the said Benito Belmares, you will find the defendant guilty of the offense of Aggravated Sexual Assault of a Child and so say by your verdict, but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant of the offense of Aggravated Sexual Assault of a Child.

Thus, the jury was instructed that it could convict Belmares of aggravated sexual assault of a child only if it found that he had intentionally or knowingly caused the penetration of the sexual organ of V.S. This is consistent with the statutorily prohibited conduct. *See* Tex. Penal Code Ann. § 22.021. When the application paragraph of the charge correctly instructs the jury on the law applicable to the case, this mitigates against a finding of egregious harm. *See Patrick*, 906 S.W.2d at 493; *Hughes*, 897 S.W.2d at 296-97; *Pitre v. State*, 44 S.W.3d 616, 621 (Tex. App.—Eastland 2001, pet. ref'd). Additionally, this was not a case in which intent was a contested issue at trial. Belmares's defense was not that he had accidentally touched V.S. or that he lacked the requisite mens rea to commit the charged offense. Instead, Belmares denied that the incident even occurred, and his theory during trial was that the child's outcry was fabricated. Thus, throughout trial and during closing arguments, the parties focused on the credibility of the victim and the defendant, not on whether Belmares

6

possessed the culpable mental states required to commit the offense. On this record, we cannot conclude that the alleged charge error affected the very basis of the case, deprived the defendant of a valuable right, vitally affected the defensive theory, or made a case for conviction clearly and significantly more persuasive. *See Saldivar*, 783 S.W.2d at 268 ("Where no defense is presented which would directly affect an assessment of mental culpability, there is no harm in submitting erroneous definitions of 'intentionally' and 'knowingly.'"); *see also Jones v. State*, 229 S.W.3d 489, 494 (Tex. App.—Texarkana 2007, no pet.) ("[T]he intent of Jones in touching B.S.S., while it was a part of the State's required proof, was not a contested issue and consequently Jones could not be egregiously harmed by the definition of the intentional and knowing state of mind.").

We overrule Belmares's sole point of error.

## CONCLUSION

We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Affirmed

Filed: November 23, 2011

Do Not Publish

7